ELSIE V. LEACH, PLAINTIFF-APPELLEE, v. PEOPLES FIRE INSURANCE COMPANY, DEFENDANT-APPELLANT.

Submitted May term, 1931—Decided August 14, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, *Richard Stockton.*

For the appellee, *Ralph E. Giordano.*

PER CURIAM.

This is an appeal from a judgment in an action to recover under a policy of insurance for loss of an automobile truck by fire. The cause was tried by the District Court judge and a jury and resulted in a judgment in favor of the plaintiff-assured for $350. The amount of the policy was $500.

The first ground for reversal is error in refusing to non-suit.

That motion was based upon the ground "that the policy required proof of loss within sixty days after the loss or damage, unless such time is extended in writing by this company, the assured was required to submit to this company proof of loss signed and sworn to by the assured, stating the time and place and cause, &c. On the plaintiff's testimony it is admitted that a proof of loss was not filed

with the company. There is no proof of any waiver of that provision in the policy and on that ground I would ask a nonsuit."

Admittedly immediate notice of the loss was given by the insured to the insurer. This was effective because it immediately brought to the scene of the fire the adjuster of the defendant company, one Alexander. The fire took place June 26th, 1930, and this adjuster was at the place of the fire the next day.

It is equally true and uncontradicted that no formal proof of loss was filed.

Under *Pamph. L.* 1911, *ch.* 340, *p.* 717, none is required, notwithstanding a requirement to the contrary in the contract, unless the insurance company shall, after loss, give sixty days' notice that it requires such proof. The evidence in this case is entirely barren of any such notice or requirement by the defendant company.

Under such condition it was not error to refuse to nonsuit.

The next ground is error in the "discourse" during the trial upon the part of the trial judge in refusing to nonsuit.

The language which is the subject of this attack was: "Ordinarily in an insurance policy all of the conditions set forth should be lived up to, and in this proof of loss paragraph it says that within sixty days the assured shall render a statement to the company, signed and sworn to, stating the place, time and cause of the loss or damage. This, apparently, was not done in this case, and the purpose, of course, is to inform the insurance company to what extent the insurance company must or should be liable for damage by fire. In this case the representative of the insurance company was notified verbally and immediately reported to the garage and personally observed the damaged truck, which apparently was a total loss, and there was no necessity for a detailed proof of damage. Ordinarily a question of this kind is a question of law for the court, but under the circumstances, I intend to put it to the jury in order to let them determine whether or not the proof offered covers the facts set forth in the insurance policy."

Having in mind the provisions of the statute of 1911, *supra,* and the proofs in the case, we are entirely unable to see how any harmful, prejudicial error was caused by these remarks of the trial judge.

The next ground is that there was error in instructing the jury as follows:

"The company then comes in and says that because of the failure to send in a formal proof of loss, she is not entitled to recover; that she must send this proof of loss in within sixty days, otherwise the defense is, she cannot recover. In these policies they have a lot of provisions and you are supposed to follow them, and to follow them in great detail means considerable trouble. But in a way you should follow them. Of course they contend that Elsie Leach, having charge of insurance policies, should have known what to do, but she testified she wrote a letter in which she said her truck was burned and that as a result of this burning it was a total loss. There was some search for it but it was not found and I do not know whether the attorney for the defendant is conceding that such a letter was written. If you do say that it was written, I would say that it is sufficient proof of loss for you to bring in a verdict, if you find her entitled to a verdict."

We are unable to see how there was anything erroneous or harmful in this instruction. Again referring to the act of 1911, *supra,* and the proofs, we think, as a fact, that the instruction was more liberal toward the appellant company than otherwise.

The next ground is also directed at an instruction to the jury, as follows:

"There is some talk about damages. The defense claims that each year the damages should be changed and diminished somewhat from what it was the year before. The plaintiff says this is the custom. There is testimony that Bush, who has left and is not around here, asked $900 for the truck and Mr. Konner testified that it was worth $600 in his opinion. The policy calls for $500, so it is for you to say what you would consider the plaintiff should have if you

say that she is entitled to anything. If you find that she is entitled to the judgment bring in a verdict for what you consider the judgment should be."

This instruction may be somewhat legally inartistic but we are unable to comprehend how it was harmful to appellant. The limit of its responsibility under its contract of insurance was $500. Actually by the terms of that contract its liability was "an amount not exceeding the actual cash value of the property at the time any loss or damage occurs." There was an objected to but otherwise uncontroverted proof that $900 had been asked for the truck and that it had a worth and value of $600 immediately before the fire. The verdict was for $350.

The remaining ground is not a proper ground of appeal. It is that the finding of the jury is against the weight of the evidence upon the question that the truck destroyed is the one that is insured.

The judgment under review is affirmed.